IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GINA COLLINS-LASTER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br>   *Plaintiff*<br><br>v.<br><br>OPENROAD MANAGEMENT, INC., JOSHUA JOHNSON, AND STAFF ONE OF OKLAHOMA, LLC,<br>   *Defendants* | § § § § § § § § § § § | A-18-CV-00120-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
   UNITED STATES DISTRICT JUDGE

Before this Court are: Defendant Staff One of Oklahoma, LLC's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on April 12, 2019 (Dkt. No. 42); Plaintiffs' Response to Defendant's Motion to Dismiss and Request for Leave to Amend filed on May 3, 2019 (Dkt. No. 46); and Defendants' Reply filed on May 10, 2019 (Dkt. No. 47). On July 17, 2019, the District Court referred the above motion and related filings to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I. BACKGROUND

This Fair Labor Standards Act ("FLSA") lawsuit was filed on February 7, 2018. In their Second Amended Complaint, filed February 28, 2019, Plaintiffs Gina Collins-Laster, Denise Pumphrey, Eric Pumphrey, Rosalinda Diaz, Nadia Batiste and Phyllis Likimani ("Plaintiffs") assert FLSA violations against Defendants Openroad Management, Inc. ("Openroad"), Staff One

1

of Oklahoma, LLC ("Staff One"), James Franklin Askew, and Joshua Johnson. Plaintiffs are currently employed as nursing assistants for Openroad, an in-home provider of medical and support services. Plaintiffs allege that they were also employed by Staff One, a professional employer organization ("PEO"). Plaintiffs contend that Openroad and Staff One "operated as joint employers of Plaintiffs by sharing the ability to directly and immediately control or co-determine essential terms and conditions of employment such as hiring, firing, discipline, supervision and direction." Dkt. No. 35 at ¶ 11. Plaintiffs further allege that Openroad employees James Franklin Askew and Joshua Johnson were also in control of the terms and conditions of Plaintiffs' work.[1]

Plaintiffs allege that the Defendants each have been an "enterprise" engaged in commerce or in the production of goods for commerce and that Plaintiffs were individual employees within the meaning of the FLSA. Plaintiffs allege that Defendants routinely denied them overtime wages for hours worked in excess of 40 hours per week in violation of the 29 U.S.C. §§ 207 and 215(a)(2) of the FLSA. Plaintiffs seek unpaid back wages, liquidated damages, attorneys' fees, costs, and declaratory and injunctive relief as necessary to prevent the Defendants' further violations of the FLSA.

On April 12, 2019, Staff One filed the instant Motion to Dismiss, arguing that the claims asserted against it in Plaintiffs' lawsuit should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Specifically, Staff One argues that Plaintiffs have failed to allege sufficient facts to show that Staff One is an "enterprise" or "employer" under the FLSA.

---

[1] On March 28, 2019, the District Court granted the parties' "Joint Stipulation of Dismissal of with Prejudice with Respect to Defendant James Franklin Askew Only" and dismissed Defendant Askew from this lawsuit. Dkt. No. 41. *Pro se* Defendant Joshua Johnson remains as a party in this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which

he is employed." 29 U.S.C. § 207(a)(1). Staff One argues that Plaintiffs' FLSA lawsuit should be dismissed under Rule 12(b)(6) because Plaintiffs have failed to allege sufficient facts to show that Staff One is an "enterprise" or "employer" under the FLSA.

Staff One argues that Plaintiffs' allegations fail to sufficiently plead enterprise coverage because Plaintiffs merely recite the statutory language of the FLSA and "fail to plead that Staff One is a covered entity under the FLSA." Dkt. No. 42 at p. 4. Staff One complains that Plaintiffs have failed to plead any specific facts supporting their conclusory allegations and, therefore, they have failed to raise a right to relief above the speculative level. The Court agrees.

The FLSA guarantees minimum wage and overtime compensation for employees who are (1) "engaged in commerce or in the production of goods for commerce" ("individual coverage") or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). 29 U.S.C. §§ 206(a), 207(a). "Either individual or enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). In this case, Plaintiffs claim that Staff One is liable under the FLSA as an enterprise.

The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" to include an enterprise that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . .

28 U.S.C. § 203(s)(1). If an employer meets both requirements, then all its employees are subject to the FLSA, unless otherwise exempted by another provision of the act.

Plaintiff's Second Amended Complaint alleges the following regarding enterprise coverage:

> At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).
>
> At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are each an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 each (exclusive of excise taxes at the retail level which are separately stated).
>
> At all times hereinafter mentioned, Plaintiffs were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

Dkt. No. 35 at ¶¶ 18-20.

Plaintiffs' conclusory allegations are nothing more than formulaic recitations of the elements of an FLSA cause of action which are insufficient to state a claim against Staff One under the FLSA. *See Twombly*, 550 U.S. at 555 (noting that "a formulaic recitation of the elements of a cause of action" will not survive a Rule 12(b)(6) motion to dismiss). Plaintiffs have failed to plead any specific facts to support their conclusory allegations regarding enterprise coverage. Numerous courts in this circuit have found that such allegations fail to state a claim under the FLSA. For example, in *Payne v. Universal Recovery, Inc.*, 2011 WL 7415414, at *5 (N.D. Tex. Dec. 7, 2011), the plaintiff made similarly conclusory allegations that the defendant "was an enterprise engaged in interstate commerce" and "regularly owned and operated businesses engaged in commerce or

in the production of goods for commerce as defined by the FLSA." The district court found that such allegations are nothing more than "a formulaic recitation of the elements of a cause of action," and "[i]n the absence of any specific facts to support these conclusory allegations, Plaintiff has failed to sufficiently plead enterprise coverage." *Id.* Accordingly, the district court dismissed plaintiff's claim under the FLSA. *Id.*; *see also Butler v. TFS Oilfield Servs., LLC*, 2017 WL 7052308, at *4 (W.D. Tex. May 17, 2017) (stating that merely reciting the legal standard for enterprise coverage would fail to allege sufficient facts to demonstrate enterprise coverage under the FLSA), *report and recommendation adopted*, 2017 WL 7052276 (W.D. Tex. June 9, 2017); *Mejia v. Bros. Petroleum, LLC*, 2015 WL 3619894, at *6 (E.D. La. June 9, 2015) (holding that plaintiff's conclusory allegation that "Defendants were and continue to be engaged in interstate commerce and in the production of goods for commerce throughout the United States" was insufficient to plead enterprise coverage under the FLSA); *Wilson v. K & K Best Care Ambulance Servs., Inc.*, 2014 WL 1761227, at *2 (S.D. Tex. Apr. 28, 2014) (dismissing FLSA claim where the allegations regarding enterprise coverage were conclusory and merely repeated the statutory elements of coverage); *Minifield v. Star Delivery Serv., Inc.*, 2013 WL 12137164, at *2 (N.D. Tex. Oct. 3, 2013) (recitation of legal standard insufficient to plead enterprise coverage under FLSA).

In support of their argument that their claims are sufficient to "infer FLSA coverage," Plaintiffs assert that "[m]ultiple Texas courts have reviewed factual allegations similar to those made by Plaintiffs and held that they are sufficient to withstand a motion to dismiss," Dkt. No. 46 at p. 4, citing *Neman v. Greater Houston All-Pro Auto Interiors, LLC*, 2012 WL 896438 (S.D. Tex. March 14, 2012), *Hickerson v. Valued Life Org., Inc.*, 2011 WL 1100921 (S.D. Tex. March 22, 2011), and *Craven v. Excel Staffing Serv., Inc.*, 2014 WL 345682, at *1-8 (S.D. Tex. Jan. 30, 2014). Plaintiffs' reliance on these cases is misplaced, however, as none involve a mere recitation

of the statutory elements of enterprise coverage under the FLSA, as does the instant case. Because Plaintiffs have made only conclusory allegations that merely recite the statutory language of the FLSA, Plaintiffs have failed to plead enterprise coverage under the FLSA. Accordingly, Staff One's Motion to Dismiss should be granted.[2]

Finally, the Court finds that Plaintiffs' request for leave to amend their Second Amended Complaint should be denied. "In deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Matter of Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996).

Plaintiffs filed their original Complaint on February 7, 2018, and their First Amended Complaint on March 2, 2018. *See* Dkt. Nos. 1 and 11. On February 19, 2019, the District Court granted Plaintiffs leave to file their Second Amended Complaint. *See* Dkt. No. 34. Thus, Plaintiffs have already had three opportunities to file a complaint that complies with the pleading requirements under the Federal Rules of Civil Procedure. Allowing Plaintiffs to file a Third Amended Complaint would cause undue delay in this case, in which a jury trial is scheduled for October 2019. Based on the foregoing, the Court finds Plaintiffs have failed to present good cause to file a third amended complaint. *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.2d 719, 734 (5th Cir. 2018); *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003).

Finally, the Court notes that Defendants Openroad Management, Inc. and Joshua Johnson remain as defendants in this lawsuit.

---

[2] Because the Court finds that Plaintiffs have failed to allege sufficient facts to show enterprise coverage under the FLSA, the Court need not address whether Plaintiffs have alleged sufficient facts to show that Staff One was an "employer" under the FLSA.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Staff One of Oklahoma, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 42) and **DISMISS** Staff One of Oklahoma, LLC from this lawsuit. The undersigned **FURTHER RECOMMENDS** that the District Court **DENY** Plaintiffs' Request for Leave to Amend their Second Amended Complaint (Dkt. No. 46). **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 9th day of August, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE